UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>ISIAH HARRINGTON,<br><br>    Defendant. | Case No. 2:19-cr-00097-DCN-1<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Defendant Isiah Harrington's Motion for Sentencing Computation Corrections (Dkt. 83); Harrington's Motion for Clarification and/or Modification of Sentence (Dkt. 84); and an Agreed Motion to Correct Clerical Error in Judgment. Dkts. 89 and 90[1].  For the reasons discussed below, the Court grants the Motions.

## II. BACKGROUND

Defendant Isiah Harrington was sentenced on January 15, 2020, to 41 months incarceration to run concurrently to his Washington state case, followed by 3 years of supervised release. The Court recommended to the Bureau of Prisons that Harrington receive credit for all time served in federal custody.  Both Harrington and defense counsel

---

[1] It appears that Dkt. 90 was filed to amend Dkt. 89.

MEMORANDUM DECISION AND ORDER - 1

have filed motions which suggest that the Bureau of Prisons is not giving him credit for approximately 8 months of time spent in custody prior to his sentencing. The Government agrees with defense counsel that the judgment should be modified to better reflect the Court's sentencing intent.

### III. DISCUSSION

Fed. R. Crim. P. 36 states that "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment… arising from oversight or omission." Both defense counsel and Harrington have filed motions to amend/correct the judgment. Counsel for the Government concurs with defense counsel's Agreed Motion to Correct Clerical Error in Judgement, which states that in order for the Bureau of Prisons to follow the Court's Judgment, the Judgment must be amended to reflect the sentence that was imposed. *See* Dkt. 90. The Court has reviewed the sentencing transcript. It specifically states that:

> [The Court:] [T]he defendant was is hereby committed to the custody of the Bureau of Prison to be imprisoned for a term of 41 months. It is also the Court's order that he be given credit for the time served since May – what was that date, Mr. Dokken?
>
> [Mr. Dokken:] May 9, Your Honor.
>
> [The Court:] May 9, 2019.
>
> [Mr. Dokken:] Yes, Your Honor.
>
> [The Court:] That's just, what? About seven months?
>
> [Mr. Dokken:] Just about eight
>
> [The Court:] - - my order, what I will say is he is to be given credit for all time served while in federal custody.

MEMORANDUM DECISION AND ORDER - 2

[Mr. Mitchell:] Perfect.

[The Court:] And then Bureau of Prisons can calculate how much that is, **but it won't be any less than that amount of time**.

"A change made under Fed. R. Crim. P. 36 can do no more than conform the sentence to the term which the record indicates was intended." *U.S. v. Kaye*, 739 F.2d 488, 490 (9th Cir. 1984). It is clear from the record that the Court's intent was for Harrington to receive credit for approximately 8 months of time served in federal custody. That has not happened here. BOP appears to have a policy in place that indicates:

> [t]ime spent in custody under a writ of habeas corpus from non-federal custody will not in and of itself be considered for the purpose of crediting presentence time." *BOP Computation Manual*, Chapter VI, page 4.

While that may be the policy of the BOP, it misconstrues what the Court's intent was in this matter. In an effort to correct the Judgment to reflect the spirit of the Court's true intent, the Court orders that the Judgment be amended to reflect a sentence of "time served". All other conditions imposed at sentencing on January 15, 2020, will remain in place.

## IV. ORDER

IT IS HEREBY ORDERED that:

1. Defendant Harrington's Sentencing Computation Corrections (Dkt. 83); Harrington's Motion for Clarification and/or modification of sentence (Dkt. 84); and the Agreed Motion(s) to Correct Clerical Error in Judgment (Dkts. 89 and 90) are GRANTED.

2. An amended Judgment will be prepared to reflect a sentence of "time served".

All other conditions will remain in effect.

DATED: April 6, 2022

_____
David C. Nye
Chief U.S. District Court Judge